**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**DEBORAH BOOKER,**

     **Plaintiff,**

**v.**                                          **1:26-cv-01114-DHU-LF**

**FEDEX GROUND PACKAGE SYSTEM INC.
and FEDERAL EXPRESS CORPORATION,**

     **Defendants.**

## <u>MEMORANDUM AND ORDER</u>

THIS MATTER is before the Court on Plaintiff Deborah Booker's ("Booker") Motion to Remand. Doc. 7. Having reviewed the Motion, parties' briefing, and applicable law, the Court finds that the Motion is well-taken and grants the request to remand to state court.

### I.    BACKGROUND

On April 15, 2022, Booker was driving on the University of New Mexico campus when Defendant Edgar Rivera ("Rivera"), who was operating a FedEx commercial vehicle, backed into her front bumper. Doc. 1-1 at ¶¶ 18–20, Doc. 7 at 1–2. As a result, Booker "sustained severe injuries to her head, back, neck, and shoulder," and has been diagnosed with Post-Traumatic Stress Disorder. Doc. 1-1 at ¶¶ 22–23. According to the Complaint, Booker continues to receive regular treatment for her physical and emotional pain. *Id.* at ¶ 24.

On April 14, 2025, Booker, a New Mexico citizen, filed this negligence and personal injury action in the Second Judicial District Court, County of Bernalillo, State of New Mexico, against Rivera, also a New Mexico citizen; FedEx Ground Package System Inc., a Delaware citizen;

1

Federal Express Corporation, a Delaware and Tennessee citizen;[1] and ABC Motor Carrier. Doc. 1-1 at ¶¶ 2, 5, 7, 12.

Despite completing service on FedEx on April 24, 2025, *id.* at 23–24, Booker ultimately never served Rivera or ABC Motor Carrier. During most of 2025, the parties were involved in a dispute regarding Booker's responses to discovery. *Id.* at 54. Booker served her first set of discovery on FedEx after the conclusion of this dispute on March 2, 2026. *Id.* at 185. That same day, FedEx moved to dismiss Rivera and ABC Motor Carrier due to Booker's "failure to timely serve these Defendants in a reasonable time and prosecute the claim against them." *Id.* at 176.

On April 1, 2026, FedEx served its answers to Plaintiff's discovery, which included Rivera's last known address and identified the FedEx affiliate that directly employed Rivera as "STEO Group, Inc." Doc. 1-1.

On April 7, 2026, the state district court heard argument on FedEx's motion and orally ruled to dismiss both Rivera and ABC Motor Carrier without prejudice because neither had been served. Doc. 11-2 at 21:4–20.

On April 8, 2026, Booker completed service on Rivera's mother at his home address. Doc. 11-1 at 3.

On April 9, 2026, Booker filed the Return of Service on Rivera and, in turn, moved to reconsider the court's dismissal of Rivera. *Id.* at 5–6.

At 9:40 a.m. on April 10, 2026, the state district court entered a written order memorializing its April 7 oral ruling. Doc. 1-1 at 318. At 12:58 p.m. that same day, Booker filed a motion for leave to amend her complaint to, among other things, rejoin Rivera and replace ABC Motor Carrier

---

[1] Because FedEx Ground Package System Inc. ("FedEx Ground") merged with Federal Express Corporation ("Federal Express") in June 2024 and is now a division of that company, Doc. 1-1 at ¶ 9, the Court collectively refers to FedEx Ground and Federal Express as "FedEx."

"with the now-known STEO Group, Inc." Doc. 7-3 at 2. Shortly thereafter, at 2:23 p.m., FedEx removed the case to this Court. Doc. 1.

On April 30, 2026, Booker filed the instant Motion. Doc. 7. FedEx filed its Response in Opposition on May 14, 2026, and Booker filed her Reply in Support on May 29, 2026.

## II.  LEGAL STANDARD AND APPLICABLE LAW

Under 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. If a case is filed in state court, though, § 1441(a) permits a defendant to remove that civil action to federal court—so long as the action "could originally have been filed in federal court." *Woods v. Ross Dress for Less, Inc.*, 833 F. App'x 754, 756 (10th Cir. 2021) (unpublished).

Because federal courts are courts of limited jurisdiction, there is a presumption against the exercise of federal jurisdiction. *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005). Removal statutes are to be strictly construed, and doubts generally must be resolved against removal. *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (citation omitted). The party invoking federal jurisdiction bears the burden of demonstrating that jurisdiction is proper. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Under § 1446(b)(3), if a case stated by the initial pleading is not removable, "a notice of removal may be filed within thirty days after receipt by the defendant . . . of an amended pleading, motion, *order* or other paper from which it may first be ascertained that the case is one which is or has become removable." (emphasis added). Here, an "order" by the state court dismissing Rivera created complete diversity between the parties. Both parties agree that the amount in controversy is over $75,000. So, according to the removal statute's plain meaning, FedEx should be able to remove the case within thirty days of the state order of dismissal. *See Bolger v. Utermohlen*, 485

3

F. Supp. 3d 588, 589 (E.D. Pa. 2020) (finding the plain language of 1446(b)(3) warrants removal in this circumstance).

However, judges have created an exception to removability under § 1446(b)(3) when the requirements of diversity jurisdiction are met only through an act of another party that is involuntary on the part of the plaintiff. This is known as the voluntary-involuntary rule, which traces its origin to *Powers v. Chesapeake & Ohio Railway Co.*, 169 U.S. 92 (1898). In *Powers*, the Supreme Court observed the case was removable after plaintiff "discontinued his action against" the non-diverse defendants, "leaving it an action between citizens of different states." *Id.* at 98. Just two years later in *Whitcomb v. Smithson*, 175 U.S. 635 (1900), the Supreme Court clarified that where the non-diverse defendant was dismissed by the state court in an order "adverse to plaintiff, and without his assent," the dismissal "did not operate to make the cause then removable." *Id.* at 638. Taken together, these cases articulate the rule that while "a case may become removable . . . upon the subsequent discontinuance of the action by the plaintiff against the defendants, citizens of the same state with the plaintiff . . . [ ] a different effect [is] ascribed to a ruling of the court dismissing the action as to one of the defendants than to a discontinuance by the voluntary act of the plaintiff." *Lathrop, Shea & Henwood Co. v. Interior Constr. & Improvement Co.*, 215 U.S. 246, 250 (1909); *see also Self v. Gen. Motors Corp.*, 588 F.2d 655, 657–59 (9th Cir. 1978) (tracing the history of the voluntary-involuntary rule).

The voluntarily-involuntary rule has been adopted in some form by the First, Second, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits—which, by this Court's count, is every circuit to have considered the issue. *See Caribe Chem Distribs., Corp. v. S. Agric. Insecticides, Inc.*, 96 F.4th 25, 31 (1st Cir. 2024) ("We therefore follow the lead of the other circuits . . . in holding that the voluntary/involuntary rule precludes removal where the nondiverse

defendants are dismissed in the absence of plaintiff's voluntary action."); *Quinn v. Aetna Life & Cas. Co.*, 616 F.2d 38, 40 n.2 (2d Cir. 1980) (noting the "line of cases holding that . . . the involuntary dismissal of non-diverse parties does not make an action removable"); *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988) ("[A] case may . . . not be removable depending on whether the non-diverse party is eliminated from the state action by voluntary or involuntary dismissal."); *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547–48 (5th Cir. 1967) (adopting the rule); *Davis v. McCourt*, 226 F.3d 506, 510 n.3 (6th Cir. 2000) (same); *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 72 (7th Cir. 1992) (concluding that the rule survived Congress's 1949 enactment of 28 U.S.C. § 1446(b)); *In re Iowa Mfg. Co.*, 747 F.2d 462, 464 (8th Cir. 1984) (same); *California ex rel. Lungren v. Keating*, 986 F.2d 346, 348 (9th Cir. 1993) ("[W]hen an event occurring after the filing of a complaint gives rise to federal jurisdiction, the ability of a defendant to remove is not automatic; instead, removability is governed by the 'voluntary/involuntary rule.'" (citation omitted)); *DeBry v. Transamerica Corp.*, 601 F.2d 480, 486–88 (10th Cir. 1979) (applying the rule); *Insinga v. LaBella*, 845 F.2d 249, 254 (11th Cir. 1988) (adopting the rule).

District courts in the Tenth Circuit have consistently applied the voluntary-involuntary rule to remand cases to state court. *See Great Plains Nat'l Bank v. Starnet Ins. Co.*, 2022 WL 22869652, at *3 (W.D. Okla. Mar. 29, 2022); *Sanford v. Allstate Ins. Co.*, 2009 WL 3401180, at *2 (D. Colo. Oct. 21, 2009); *Littell v. Allstate Ins. Co.*, at *8, 2003 WL 27385093 (D.N.M. July 30, 2003); *Engler v. Rapid-American Corp.*, 1996 WL 772526, at *3 (D. Kan. Nov. 26, 1996).

Courts typically identify two reasons for the rule. The first is avoidance of a "yo-yo effect," whereby "[r]emoval following an involuntary dismissal may be only temporary: the plaintiff may appeal the dismissal in state court, and success on appeal would lead to the reinstatement of the

5

non-diverse party, destroying federal jurisdiction and compelling remand to the state court." *Poulos*, 959 F.2d at 72; *see also Higgins*, 863 F.2d at 1166 (same). "By finding removal proper only where the plaintiff has unilaterally—and thereby irreversibly—dismissed all nondiverse defendants, courts can ensure that subsequent decisions on appeal will not destroy the basis for federal jurisdiction, thus requiring remand to the state court." *Caribe Chem Distribs., Corp.*, 96 F.4th at 30.

The second reason sounds in "a general principle of deference to the plaintiff's choice of forum." *Poulos*, 959 F.2d at 72. By "[a]llowing removal only when the plaintiff voluntarily dismisses a defendant," a court can ensure that "the plaintiff will not be forced out of state court without his consent." *Id.* As the Supreme Court explained, the "obvious principle" of the line of cases setting forth the voluntary-involuntary rule "is that . . . the plaintiff may by the allegations of his complaint determine the status with respect to removability of a case . . . and that this power to determine the removability of his case continues with the plaintiff throughout the litigation." *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 282 (1918).

## III.   DISCUSSION

Booker argues that this case must be remanded to state court because the state court's order dismissing Rivera without prejudice was not a voluntary act by Booker and, therefore, cannot serve as the basis for removal of the case under the voluntary-involuntary rule.

In response, FedEx relies on *Insinga* to support its argument that the voluntary-involuntary rule does not apply when, as here, a dismissal—even though contrary to the plaintiff's wishes—is based on jurisdictional grounds. Doc. 13 at 8. In *Insinga*, the Eleventh Circuit held that the voluntary-involuntary rule was inapplicable where the non-diverse defendant was dismissed in state court for jurisdictional reasons, rather than on the merits. 845 F.2d at 254. The Eleventh

Circuit's analysis was based on language from *Whitcomb*, where the Supreme Court noted that the non-diverse defendant's dismissal in state court had been "on the merits, and not a ruling on the question of jurisdiction." 175 U.S. at 638. Based on this language, the *Insinga* court inferred that the inverse was also true: that where a dismissal was *not* on the merits, and *was* a ruling on the question of jurisdiction, the voluntary-involuntary rule did *not* apply. 845 F.2d at 254.

Contrary to FedEx's belief, the Tenth Circuit has yet to address whether an exception to the voluntary-involuntary rule ought to exist for jurisdictional dismissals of non-diverse defendants.[2] However, several district courts outside of the Eleventh Circuit have affirmatively rejected *Insinga*. *See Arthur v. E.I. du Pont,* 798 F. Supp. 367, 369 n.2 (S.D. W. Va. 1992) (collecting cases). This Court is similarly hesitant to expand the scope of removal jurisdiction to such a degree where there is no binding precedent to support such an expansion. Furthermore, to the extent that *Insinga* is predicated on Supreme Court doctrine, this Court is not persuaded that *Whitcomb* stands for the proposition ascribed to it by the Eleventh Circuit. The question of whether dismissal of non-diverse defendants could stand as a predicate for removal jurisdiction based on diversity was not before the Court in that matter. *See* 175 U.S. at 638.

The Court also observes that the *Insinga* approach cannot be reconciled with the judicial economy concerns underlying the voluntary-involuntary rule. Given that the state court dismissed Rivera without prejudice, a likelihood exists via Booker's motion to reconsider (Doc. 11-1 at 5–6) and motion for leave to amend her complaint (Doc. 7-3) that she could restore Rivera as a party to

---

[2] In reciting recent applications of the voluntary-involuntary rule, the Tenth Circuit in *DeBry* stated that "[t]he general effect of the test is that a cause cannot be removed where the removability is a result of some development other than a voluntary act of plaintiff." 601 F.2d at 488. The court then used "evidence from the defendant" and "a court order rendered on the merits of the case" as examples of non-voluntary acts, examples which—in this Court's view—were not posed as an exhaustive list, like FedEx presumes. *Id.*

7

the case and effectuate proper service upon him. "Were that to occur, diversity would be ephemeral and destroyed if" Rivera—who shares the same citizenship as Booker—is reinstated. *Chaudhary v. Atria Mgmt. Co., LLC*, 2023 WL 5596040, at *3 (D.N.J. Aug. 11, 2023); *see Arthur*, 798 F. Supp. at 369 n.2 ("Such a successful appeal would result in the loss of this Court's jurisdiction over the matter and the unnecessary wasting of time and resources in the pursuit of a meaningless endeavor.").

Consequently, the Court follows the Tenth Circuit's reasoning in *DeBry*, which focuses solely on whether the plaintiff voluntarily dismissed a nondiverse defendant, thus precluding a state-level reversal. The Court finds that Booker did not voluntarily dismiss Rivera. While Booker's failure to serve Rivera may have been unreasonable and without good cause, FedEx has shown no expression by Booker that could conceivably be perceived as a clear and definite intention of forsaking her claim against Rivera. *Gandy v. Crompton*, 55 F. Supp. 2d 593, 596–97 (S.D. Miss. 1999) (concluding that plaintiff's failure to serve resident defendants did not amount to a "voluntary act"). Far from taking any affirmative act in furtherance of Rivera's dismissal, Booker appears to be doing everything within her power to pursue her claims and recover against Rivera in state court. As stated almost a century ago in the Northern District of Oklahoma, plaintiffs who are "doing everything within their power to pursue the resident defendants" have "not abandoned their cause of action against them, but on the contrary are pursuing rights afforded them at law. . . . Thus, there has not been a discontinuance or a dismissal of plaintiffs' case against the resident defendants." *Kincheloe v. Hopkins*, 4 F. Supp. 196, 197 (N.D. Okla. 1933).

The Court finds that FedEx has failed to meet its burden to establish federal subject matter jurisdiction because the state court's order dismissing Rivera without prejudice was not Booker's voluntary act that started the thirty-day clock under § 1446(b)(3), and thus, FedEx's removal of

this action was improper. In light of the Court's determination that remand is appropriate based on application of the voluntary-involuntary rule, the Court declines to address Booker's arguments concerning the additional alleged procedural deficiencies of FedEx's notice of removal. *See* Doc. 7 at 5.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Booker's Motion to Remand (Doc. 7) this action to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

9